UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GUZTAVO SOTO, | ) | |
|         PLAINTIFF, | ) | |
| | ) | **No.** |
| v. | ) | **JURY DEMANDED** |
| | ) | |
| CENTENE MANAGEMENT COMPANY, LLC | ) | |
| D/B/A ASCENSION COMPLETE, | ) | |
|         DEFENDANTS. | ) | |

## COMPLAINT

NOW COMES, Plaintiff GUZTAVO SOTO ("Plaintiff"), by and through his attorneys, GAINSBERG LAW, P.C., complaining of Defendant, CENTENE MANAGEMENT COMPANY, LLC, d/b/a ASCENSION COMPLETE ("Defendant") and states as follows:

### PARTIES

1. Plaintiff is a resident of the state of Illinois.

2. Plaintiff's race is Mexican / Hispanic.

3. At all times material to this Complaint, Defendant had actual and/or constructive knowledge of Plaintiff's race.

4. Plaintiff's color is Brown.

5. At all times material to this Complaint, Defendant had actual and/or constructive knowledge of Plaintiff's color.

6. Plaintiff's nation of origin is Mexico.

7. At all times material to this Complaint, Defendant had actual and/or constructive knowledge of Plaintiff's national origin.

8. At all times material to this Complaint, Defendant was a Wisconsin limited liability company, and operated an office located at 77 W. Wacker Drive, 14th Floor, Chicago, IL 60601 ("Defendant's Chicago Office").

9. At all times material to this Complaint Defendant employed more than 15 employees.

10. At all times material to this Complaint, Defendant operated a business provided administrative and business support to a parent company providing managed healthcare products and services to Medicaid, Medicare and commercial health insurance.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, which confers upon the Court original jurisdiction over all civil action arising under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12. This Court is the proper venue of the Plaintiff's claims as a substantial part of the events or omissions giving rise to the claims occurred in the State of Illinois and the Northern District of Illinois.

13. On July 20, 2021, Plaintiff filed a discrimination and retaliation charge, alleging disparate treatment because of his national origin, race, and protected activity with the Equal Opportunity Commission against Defendant, 440-2021-05503.

14. Plaintiff received the dismissal of this EEOC Charge and Notice of Right to Sue on or about December 22, 2021, and has brought this action within 90 days of receipt of said notice.

15. Plaintiff has therefore satisfied the administrative prerequisites for bringing this action.

# FACTS

16. On or about June 17, 2019, Defendant hired Plaintiff as a Sales Representative or Medicare Benefits Advisor.

17. Plaintiff's primary responsibilities as a Sales Representative included providing sales coverage and developing market penetration in his assigned territory.

18. At all times material to this Complaint, Plaintiff performed to the legitimate employment expectations of Defendant.

19. At all times material to this Complaint, Plaintiff met the legitimate employment qualifications for his position with Defendant.

20. On or around September 2019, Plaintiff's supervisor became Megan Dunn, a White / Caucasian woman of United States national origin.

21. Ms. Dunn had the ability to direct Plaintiff's work, and the authority to discipline, hire and fire Plaintiff.

22. When Ms. Dunn became Plaintiff's manager, she requested Plaintiff to engage in what Mr. Soto reasonably believed were illegal direct marketing practices to Medicare beneficiaries, required him to work during his vacation and failed to properly train Plaintiff on mileage reimbursements, which cost Plaintiff over one thousand dollars in mileage reimbursement.

23. Ms. Dunn was motivated to mistreat Plaintiff in this way because of his race/color and his national origin, believing he would be less likely to complain regarding his treatment.

24. Plaintiff's similarly situated coworkers who were not Mexican / Hispanic were treated more favorably than Plaintiff by Ms. Dunn and were not required to engage in what Mr.

Soto reasonably believed were illegal direct marketing practices to Medicare beneficiaries, were not required to work during vacation and were properly trained on mileage reimbursements.

25. Plaintiff's similarly situated coworkers who were not of a Brown color were treated more favorably than Plaintiff by Ms. Dunn and were not required to engage in what Mr. Soto reasonably believed were illegal direct marketing practices to Medicare beneficiaries, were not required to work during vacation and were properly trained on mileage reimbursements.

26. Plaintiff's similarly situated coworkers who were not of Mexican national origin were treated more favorably than Plaintiff by Ms. Dunn and were not required to engage in what Mr. Soto reasonably believed were illegal direct marketing practices to Medicare beneficiaries, were not required to work during vacation and were properly trained on mileage reimbursements.

27. In December 2019, Plaintiff complained to Patrick Lima, Staff Vice President of Sales for Defendant, Ms. Dunn's supervisor regarding the marketing assignments Plaintiff reasonably believed to be unlawful, being made to work during his vacation and about expense reimbursements.

28. Mr. Lima's race is Hispanic, his color is White and his nation of origin is the United States.

29. In response, Plaintiff was trained on some expense reimbursements but not on mileage expense reimbursements.

30. Ms. Dunn was informed of Plaintiff's complaints to Mr. Lima.

31. In February 2020, Ms. Dunn reduced Plaintiff's performance evaluation of Plaintiff in retaliation for these complaints.

32. Plaintiff continued to complain to Megan regarding his mileage expense reimbursements who continued to ignore and changed the subject from Plaintiff's requests.

4

33. In May 2020, Plaintiff complained to Megan that he needed expense reimbursements to assist his family in Mexico, and Megan finally told him he could not obtain mileage expense reimbursements, despite her never training him since he was outside of the submission deadline. Ms. Dunn threatened retaliation, including termination, if he continued to ask for assistance from the Mr. Lima.

34. In the summer of 2020, Megan continued to harass Mr. Soto by making him complete unnecessary trainings and refusing to address his concerns regarding expense reimbursements including late charges on a company issued AMEX from her prior refusal to assist Plaintiff. This included making Plaintiff verbally repeat back to Ms. Dunn words displayed on screens multiple times.

35. Ms. Dunn assigned these unnecessary trainings, refused to assist in processing expense reimbursements, and made Plaintiff slowly repeated trainings out loud because of his race Mexican / Hispanic, color Brown and Mexican national origin because she stereotyped him as being less intelligent.

36. Plaintiff's similarly situated coworkers who were not of Mexican / Hispanic race were treated more favorably by Ms. Dunn.

37. Plaintiff's similarly situated coworkers who were not of Brown color were treated more favorably by Ms. Dunn.

38. Plaintiff's similarly situated coworkers who were not of Mexican national origin were treated more favorably than Plaintiff by Ms. Dunn.

39. In August 2020, Ms. Dunn's supervisor was replaced by a White / Caucasian man whose nation of origin was the United States.

40. In August 2020, Ms. Dunn placed Plaintiff on a Performance Improvement Plan and made false allegations about his work performance in retaliation for his complaints about her to Mr. Lima, and because of his national origin, race and color.

41. In August and September of 2020, Mr. Soto repeatedly complained to Defendant's Human Resources personnel about the retaliatory PIP and Ms. Dunn's harassment, retaliation and discrimination on the basis of his national origin and due to his prior complaints.

42. On September 25, 2020, Plaintiff fired because of his national origin, from Mexico, and in retaliation for his repeated complaints about national origin discrimination experienced by Ms. Dunn.

43. Defendant also fired Plaintiff due to his complaints regarding illegal Medicare marketing and complaints of not being paid expense reimbursements and being required to work during his vacations.

44. This Complaint does not exhaustively recite all of the wrongful conduct by Defendant. This Complaint was drafted by counsel for Plaintiff.

45. As a direct and proximate result of the Respondent's unlawful conduct in violation of Title VII, Mr. Soto has lost income and expense reimbursements, experienced job loss, emotional distress, humiliation, loss of reputation and has incurred attorney's fees and costs in this matter.

**COUNT I**
**Plaintiff v. Defendant**
**Disparate Treatment (Race/Color) in Violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.***

1-45. Plaintiff reincorporates and realleges Paragraphs 1 through 45 of this Complaint as though fully set forth herein this Paragraph of Count I of this Complaint.

46. On September 25, 2020, Defendant terminated Plaintiff because of his race and color, Mexican / Hispanic / Brown, as set forth herein this Complaint.

47. Defendant did not discriminate in such a manner against similarly situated White employees, as alleged herein.

48. The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his race and color, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-2(a).

49. At all times relevant to this action, Defendants had a duty under Title VII to refrain from discriminating against Plaintiff based on his race and color.

50. The discriminatory actions by Defendant, through its management, agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

51. Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

52. The actions of Defendant in intentionally engaging in and condoning discrimination based on race and color, have caused Plaintiff mental anguish, humiliation, emotional distress, lost compensation and benefits, future pecuniary losses, and other consequential damage.

53. The race discrimination counts plead herein this Complaint are plead and are intended to be read in the alternative and/or conjunctive with the retaliation counts as permissible under the Federal Rules of Procedure.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all personal damages sustained, including but not limited to full compensation for his emotional distress, mental anguish, humiliation and loss of reputation;

b. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all pecuniary damages sustained, including but not limited to front pay, back pay, lost income and benefits

c. Judgement against Defendant for Plaintiff for punitive damages;

d. Judgement against Defendant for Plaintiff for the reasonable attorney's fees and costs incurred by Plaintiff prosecuting this action;

e. Judgement against Defendant for Plaintiff for pre-judgment and post-judgment interest at the highest rate permitted by law; and

f. Any and all other relief that this Honorable Court may deem just and equitable.

## COUNT II
**Plaintiff v. Defendant**
**Disparate Treatment (National Origin) in Violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e,** *et seq.*

1-45. Plaintiff reincorporates and realleges Paragraphs 1 through 45 of this Complaint as though fully set forth herein this Paragraph of Count II of this Complaint.

46. On September 25, 2020, Defendant terminated Plaintiff because of his nation of origin, Mexico, as set forth herein this Complaint.

47. Defendant did not discriminate in such a manner against similarly situated employees with the United States as a nation of origin, as alleged herein.

48. The actions of the Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his national origin, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-2(a).

49. At all times relevant to this action, Defendant had a duty under Title VII to refrain from discriminating against Plaintiff based on his national origin.

50. The discriminatory actions by Defendant, through its management, agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

51. Defendants, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

52. The actions of Defendant in intentionally engaging in and condoning discrimination based on national origin, have caused Plaintiff mental anguish, humiliation, emotional distress, lost compensation and benefits, future pecuniary losses, and other consequential damage.

53. This national origin discrimination count plead herein this Complaint are plead and are intended to be read in the alternative and/or conjunctive with the retaliation counts as permissible under the Federal Rules of Procedure.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    a. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all personal damages sustained, including but not limited

9

to full compensation for his emotional distress, mental anguish, humiliation and loss of reputation;

b. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all pecuniary damages sustained, including but not limited to front pay, back pay, lost income and benefits

c. Judgement against Defendant for Plaintiff for punitive damages;

d. Judgement against Defendant for Plaintiff for the reasonable attorney's fees and costs incurred by Plaintiff prosecuting this action;

e. Judgement against Defendant for Plaintiff for pre-judgment and post-judgment interest at the highest rate permitted by law; and

f. Any and all other relief that this Honorable Court may deem just and equitable.

### COUNT III
### Plaintiff v. Defendant
### Disparate Treatment (Retaliation) in Violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a)

1-45. Plaintiff reincorporates and realleges Paragraphs 1 through 45 of Count III of this Complaint as though fully set forth herein this Paragraph of Count III of this Complaint.

46. Plaintiff engaged in activity protected by Title VII when he repeatedly complained of unlawful discrimination and retaliation from Ms. Dunn to Defendant's Human Resources personnel in August and September 2020, as described herein this Complaint.

47. Defendant had actual knowledge of Plaintiff's protected activity.

48. Defendant terminated Plaintiff because of Plaintiff's Title VII protected activity, as set forth herein this Complaint.

49. Defendant did not engage in this disparate treatment with similarly situated employees to Plaintiff who did not engage in Title VII protected activity, as alleged herein.

50. The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his Title VII protected activity, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-3(a).

51. At all times relevant to this action, Defendant had a duty under Title VII to refrain from discriminating against Plaintiff because of his Title VII protected activity.

52. The discriminatory actions by Defendant, through its management, agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

53. Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

54. The actions of Defendant in intentionally engaging in and condoning discrimination because Plaintiff engaged in Title VII protected activity, have caused Plaintiff mental anguish, humiliation, emotional distress, lost compensation and benefits, future pecuniary losses, and other consequential damages.

55. This national origin discrimination count plead herein this Complaint are plead and are intended to be read in the alternative and/or conjunctive with the retaliation counts as permissible under the Federal Rules of Procedure.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A declaratory judgment that the employment practices challenged herein are illegal and violative of the rights secured to Plaintiff;

    b. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all personal damages sustained, including but not limited to full compensation for his emotional distress, mental anguish, humiliation and loss of reputation;

    c. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all pecuniary damages sustained, including but not limited to front pay, back pay, lost income and benefits

    d. Judgement against Defendant for Plaintiff for punitive damages;

    e. Judgement against Defendant for Plaintiff for the reasonable attorney's fees and costs incurred by Plaintiff prosecuting this action;

    f. Judgement against Defendant for Plaintiff for pre-judgment and post-judgment interest at the highest rate permitted by law; and

    g. Any and all other relief that this Honorable Court may deem just and equitable.

## COUNT IV
**Plaintiff v. Defendant**
**Disparate Treatment (Race/Color) in Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981**

1-53. Plaintiff realleges and incorporates by reference all preceding Paragraphs of Count I of this Complaint, as if fully set forth herein this Paragraph of Count IV of this Complaint.

54. Defendant terminated Plaintiff because of his Mexican / Hispanic and Brown race and color as set forth herein this Complaint which constitutes a violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 and 1981(a).

55. Defendant's conduct has been intentional, deliberate, willful and conducted with disregard of the rights of the Plaintiff.

56. By reason of Defendant's discriminatory employment practices based upon race and color, Plaintiff has experienced emotional distress, humiliation, mental anguish, loss of compensation and employment, and as such, is entitled to all legal and equitable remedies available under the Civil Rights Act of 1866.

57. The race discrimination counts plead herein this Complaint are plead and are intended to be read in the alternative and/or conjunctive with the retaliation counts as permissible under the Federal Rules of Procedure.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A declaratory judgment that the employment practices challenged herein are illegal and violative of the rights secured to Plaintiff;

b. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all non-pecuniary damages sustained, including but not limited to full compensation for his emotional distress, mental anguish, humiliation and loss of reputation;

c. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all pecuniary damages sustained, including but not limited to front pay, back pay, lost income and benefits

d. Judgement against Defendant for Plaintiff for punitive damages;

e. Judgement against Defendant for Plaintiff for the reasonable attorney's fees and costs incurred by Plaintiff prosecuting this action;

f. Judgement against Defendant for Plaintiff for pre-judgment and post-judgment interest at the highest rate permitted by law; and

g. Any and all other relief that this Honorable Court may deem just and equitable.

### COUNT V
### Plaintiff v. Defendant
### Disparate Treatment Retaliation in Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981

1-45. Plaintiff realleges and incorporates by reference Paragraphs 1-84 of Count VII of this Complaint, as if fully set forth herein this Paragraph of Count VIII of this Complaint.

46. Plaintiff engaged in activity protected by Section 1981 when he repeatedly complained of unlawful discrimination and retaliation from Ms. Dunn to Defendant's Human Resources personnel in August and September 2020, as described herein this Complaint.

47. Defendant had actual knowledge of Plaintiff's protected activity.

48. Defendant misclassified Plaintiff, paid Plaintiff seven dollars an hour less for each hour worked, denied Plaintiff calls for work calls, and terminated him because of Section 1981 protected activity and therefore violated the Civil Rights Act of 1866, 42 U.S.C. § 1981 and 1981(a).

49. Defendant' conduct has been intentional, deliberate, willful and conducted with disregard of the rights of the Plaintiff.

50. By reason of Defendant' discriminatory employment practices in violation of the Civil Rights Act of 1866, Plaintiff has experienced harm, including loss of compensation, wages, back and front pay, damages and other employment benefits, and as such, are entitled to all legal and equitable remedies available under the Civil Rights Act of 1866.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A declaratory judgment that the employment practices challenged herein are illegal and violative of the rights secured to Plaintiff;

b. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all personal damages sustained, including but not limited

      to full compensation for his emotional distress, mental anguish, humiliation and loss of reputation;

  c. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all pecuniary damages sustained, including but not limited to front pay, back pay, lost income and benefits

  d. Judgement against Defendant for Plaintiff for punitive damages;

  e. Judgement against Defendant for Plaintiff for the reasonable attorney's fees and costs incurred by Plaintiff prosecuting this action;

  f. Judgement against Defendant for Plaintiff for pre-judgment and post-judgment interest at the highest rate permitted by law; and

  g. Any and all other relief that this Honorable Court may deem just and equitable.

### COUNT VI
**Hostile Work Environment Claim in Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981**
**Plaintiff v. Defendant**

1-45. Plaintiff re-alleges and restates Paragraphs 1-45 of this Complaint as if set forth fully herein this Paragraph.

46. Defendant discriminated on the basis of Plaintiff's Brown color and Mexican / Hispanic race by perpetuating a hostile work environment based on his color and race and refusing to remedy complaints of discrimination based on race in the workplace.

47. By the above actions, but not limited to the same, Plaintiff was subject to pervasive and continuous unwelcome harassment at the hands of Defendant's agent Ms. Dunn, in the terms conditions and privileges of employment because of his Brown color and Mexican / Hispanic race.

48. At all times Ms. Dunn had been acting within the scope and authority of her agency of Defendant.

49. This harassment was intolerable and offensive to a reasonable employee and Plaintiff was offended.

50. Defendant knew of the harassment and failed to take prompt remedial action to stop and correct the same.

51. When Plaintiff came forward with his complaints about his discrimination, he was terminated in retaliation.

52. By the above actions but not limited to the same, Defendant created an intimidating, hostile and objectively offensive work environment, which unreasonably interfered with Plaintiff's work performance, and seriously affected his psychological well-being.

53. Similarly situated employees to Plaintiff who were not Brown and not Mexican / Hispanic who were not subject to the same or similar treatment.

54. Plaintiff has suffered significant damages as a result of the above acts, including mental and emotional distress, embarrassment and humiliation, damage to his reputation and attorney's fees and costs. The exact amount of Plaintiff's damages are to be proven at the time of trial.

55. The race discrimination count plead herein this Complaint are plead and are intended to be read in the alternative and/or conjunctive with the retaliation counts as permissible under the Federal Rules of Procedure.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A declaratory judgment that the employment practices challenged herein are illegal and violative of the rights secured to Plaintiff;

b. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all personal damages sustained, including but not limited

      to full compensation for his emotional distress, mental anguish, humiliation and loss of reputation;

c. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all pecuniary damages sustained, including but not limited to front pay, back pay, lost income and benefits

d. Judgement against Defendant for Plaintiff for punitive damages;

e. Judgement against Defendant for Plaintiff for the reasonable attorney's fees and costs incurred by Plaintiff prosecuting this action;

f. Judgement against Defendant for Plaintiff for pre-judgment and post-judgment interest at the highest rate permitted by law; and

g. Any and all other relief that this Honorable Court may deem just and equitable.

Respectfully submitted,

                                      By:   /s/ Nicholas Kreitman, Esq.
                                                Nicholas Kreitman, Esq.
                                                Plaintiff's Attorney

Nicholas Kreitman, Esq.
#6313283
Gainsberg Law, P.C.
22 West Washington St., 15th Floor
Chicago, IL 60602
(847) 970-0575
nick@gainsberglaw.com